IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANSFIELD, A MINOR, ET AL. : | |
| : | |
| Plaintiffs, : | |
| v. : | No. 05-cv-370 |
| : | |
| SUMMITQUEST ACADEMY, ET AL. : | |
| : | |
| Defendants. : | |

**MEMORANDUM ORDER**

Presently pending is the Partial Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #62) of Defendants Summit Quest Academy, Viaquest Behavioral Health of Pennsylvania, LLC and Viaquest Behavioral Health, LLC ("Moving Defendants") and the response thereto. In their partial motion to dismiss, Moving Defendants seek dismissal of all claims brought by Plaintiff Charlene Oberly ("Ms. Oberly") in her own right as a matter of law pursuant to Fed. R. Civ. Pro. 12(b)(6). Ms. Oberly's individual claims against Moving Defendants are as follows: civil rights claims brought pursuant to 42 U.S.C. § 1983, claim for gross negligence, claim for parental loss of consortium and a claim for retaliation. In support of their partial motion to dismiss, Moving Defendants argue that Ms. Oberly lacks standing to bring individual claims for purported violations of her civil rights, her gross negligence claim and retaliation claim are derivative claims stemming from alleged violations of Section 1983 for which she lacks a cause of action, and that there is no recognizable claim for parental loss of consortium in Pennsylvania.

In response, Plaintiffs claim that Moving Defendants failed to challenge the sufficiency of Ms. Oberly's individual claims in either of their previously filed motions to dismiss and therefore waived their rights to challenge these claims pursuant to Fed. R. Civ. P. 12(g) and (h)(2). Plaintiffs assert that their second amended complaint merely included a count for

retaliatory conduct on the part of Moving Defendants and Ms. Oberly's claims brought in her own right were not changed in any way from Plaintiffs' first amended complaint. Furthermore, Plaintiffs assert that Ms. Oberly's retaliation claim should not be dismissed as a derivative claim because this Court previously determined that a derivative claim survives a motion to dismiss when the underlying claims have not been dismissed.

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992 (2002). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 512. "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. A motion to dismiss may only be granted if, after accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is still not entitled to relief. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1987).

A determination of Moving Defendants' pending motion to dismiss requires a review of the procedural history of this case. The docket reveals that Plaintiffs filed their original complaint on January 26, 2005 and Moving Defendants filed their first motion to dismiss on February 22, 2005. Plaintiffs filed their first amended complaint on March 31, 2005 and Moving Defendants filed a second motion to dismiss for lack of jurisdiction on April 20, 2005 arguing that Plaintiffs failed to sufficiently allege that Moving Defendants were state actors and therefore could not bring claims pursuant to Section 1983. A memorandum and order by this Court was entered on September 23, 2005 denying Defendants' various motions to dismiss.

Thereafter, Plaintiffs filed their second amended complaint on December 12, 2005 adding retaliation claims against Defendants.  Moving Defendants then filed the pending third motion to dismiss all claims brought by Ms. Oberly in her own right in Plaintiffs' second amended complaint on January 3, 2006.

This Court shall first consider Ms. Oberly's claims brought identically in both Plaintiffs' first and second amended complaints.  Fed. R. Civ. Pro. 12(g) states that "if a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated."  Fed. R. Civ. Pro. 12(h)(2) states "[a] defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits. "  Applying these rules to the instant case, defenses to Ms. Oberly's claims brought in her own right were available to Moving Defendants when they filed their second motion to dismiss.  However, as Moving Defendants admit in their pending motion when referencing Ms. Oberly's individual claims, "[t]his issue was not addressed in Moving Defendants' previously filed [m]otions to [d]ismiss."  Moving Def.'s Mot. to Dismiss at P. 4, ¶ 5.  Therefore, Moving Defendants may not now present new defenses to claims in their third motion to dismiss that they could have brought in their second motion to dismiss.  Accordingly, the following claims brought by Ms. Oberly in her own right will not be dismissed: her civil rights claims, her gross negligence claim and her parental loss of consortium claim.[1]

Looking to Ms. Oberly's retaliation claim brought in her own right, Moving Defendants assert that the retaliation claim should be dismissed because it is simply a

---

[1] Moving Defendants have not waived their arguments regarding Ms. Oberly's individual retaliation claim because Plaintiffs added Count V for retaliation claims in their second amended complaint permitted under leave of court pursuant to Fed. R. Civ. Pro. 15(a).

3

derivative claim stemming from civil rights claims that Ms. Oberly has no standing to bring against Moving Defendants.  In its memorandum and order dated September 22, 2005 and entered September 23, 2005, this Court found that a derivative claim brought by Ms. Oberly in her own right survived Defendant Community Care Behavioral Organization's motion to dismiss because assuming, arguendo, that said claim brought in her own right is a derivative claim, this Court has not dismissed the underlying civil rights claims.[2]  Therefore, based on my previous ruling, I find that Ms. Oberly's retaliation claim will not be dismissed at this stage in the litigation because the underlying civil rights claims have not been dismissed.

**AND NOW**, on this 9th day of March 2006, upon consideration of arguments raised by counsel for both parties in their memoranda submitted to this Court and the liberal notice pleading standard for a motion to dismiss as set forth in the unanimous Supreme Court opinion, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002), **IT IS HEREBY ORDERED** that the Partial Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #62) of Defendants Summit Quest Academy, Viaquest Behavioral Health of Pennsylvania, LLC and Viaquest Behavioral Health, LLC is **DENIED** in its entirety.

**BY THE COURT:**

   S/ Clifford Scott Green
CLIFFORD SCOTT GREEN

---

[2] Defendant Community Care Behavioral Health Organization filed its motion to dismiss on June 1, 2005 asserting that Plaintiff Oberly's derivative claims in Count IV of Plaintiffs' first amended complaint must be dismissed because Plaintiffs' Section 1983 negligence claims fail to set forth a claim upon which relief may be granted.  See Def.'s Mot. to Dismiss at P. 6, ¶ 22. In its memorandum and opinion filed September 22, 2005 and entered September 23, 2005, this Court found that the derivative claim asserted in Count IV of Plaintiffs' first amended complaint should survive Defendant's motion to dismiss because the underlying Section 1983 claims had not been dismissed.