IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIEN STANSFIELD, a minor, by : <br> CHARLENE OBERLY, parent, et al. : <br>   : <br> Plaintiffs, : <br> v. : <br>   : <br> SUMMIT QUEST ACADEMY, : <br> VIAQUEST BEHAVIORAL HEALTH : <br> OF PENNSYLVANIA, LLC, VIAQUEST : <br> BEHAVIORAL HEALTH, LLC, : <br> LAWRENCE DEMILIO, M.D., : <br> Individually and in his official capacity as : <br> Medical Director of Summit Quest : <br> Academy, COMMUNITY CARE BEHAVIORAL : <br> HEALTH ORGANIZATION, SERVICE : <br> ACCESS MANAGEMENT, INC. and BERKS : <br> COUNTY MENTAL HEALTH AND : <br> MENTAL RETARDATION PROGRAM : <br>   : <br> Defendants. : <br>   : | No. 05-cv-00370 |

Green, S.J.                                                                                                    September 26, 2006

**<u>MEMORANDUM</u>**

Presently pending is Plaintiff's Omnibus Motion to Compel Production of Documents Pursuant to Subpoenas, and Defendant's responses thereto.

**I.   FACTUAL AND PROCEDURAL BACKGROUND:**

Damien Stansfield, ("Stansfield"), a mentally retarded minor, and Charlene Oberly ("Oberly"), his parent and natural guardian, (collectively known as "Plaintiffs"), brought this action against Summit Quest Academy, ViaQuest Behavioral Health of Pennsylvania, LLC, ViaQuest Behavioral Health, LLC, Lawrence DeMilio, M.D., Community Care Behavioral Health Organization, Service Access and Management, Inc., and Berks County Mental Health and Mental Retardation Program (collectively known as "Defendants"), individually, jointly, and/or severally for damages pursuant to the Civil Rights Act of 1871, codified as 42 U.S.C. § 1983,

and Pennsylvania negligence law. Defendants are mental health providers, a local governmental agency, a medical director, and a managed care organization that either provided or enabled the provision of mental health and mental retardation services to Stansfield.

Plaintiffs allege that Defendants' gross negligence caused Stansfield to be sexually abused while staying at Defendant Summit Quest Academy, a mental health facility. Specifically, Plaintiff claims that Defendants acted, while under color of state law, "unlawfully, and/or intentionally, unreasonably, willfully, maliciously, and/or with deliberate and/or reckless indifference to the minor plaintiff's rights." (See Pl.'s Compl. ¶ 87).

On June 20, 2006 Plaintiffs issued subpoenas to five managed care organizations, Community Behavioral Health (hereinafter "CBH"), Magellan Behavioral Health of Pennsylvania, Inc. (hereinafter "Magellan"), Community Behavioral Health Network of Pennsylvania (hereinafter "CBHNP"), Value Behavioral Health of Pennsylvania ("VBHP"), and the Department of Public Welfare, Office of Mental Health and Substance Abuse Services (hereinafter "OMHSAS"), all of which have contracts with Defendant Summit Quest Academy. The subpoenas requested all documents related to "reportable incidents," as defined by 55 Pa. Code § 3800.16, from 2002 to 2004, and all documents related to credentialing or assessment of SummitQuest from 2001 to 2005. The managed care organizations filed objections to the subpoenas.[1] Defendant's SummityQuest Academy, ViaQuest Behavioral Health of Pennsylvania, LLC., and ViaQuest Behavioral Health LLC, also filed objections to the subpoenas.

---

[1] Three of the organizations, Community Behavioral Health Network of Pennsylvania, Community Behavioral Health, and Magellan Behavioral Health of Pennsylvania, filed objections with the court. Value Behavioral Health of Pennsylvania sent Plaintiff's counsel a letter indicating that they would not comply with the subpoena until the objections filed by the other organizations were resolved. The Department of Human Services, Office of Mental Health and Substance Abuse, in addition to sending a letter to Plaintiff's Counsel, filed a separate Motion to Quash on September 8, 2006.

## II.   DISCUSSION

The Federal Rules of Civil Procedure permit a party to serve a third party with a subpoena requesting the production of documents.  Fed. R. Civ. P. 45 (b).  A party may obtain discovery regarding any matter that is not privileged, and is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1).  Information sought need not be admissible at trial if it is reasonably calculated to lead to the discovery of admissible evidence.  Id.  The court may limit discovery if it determines the discovery sought is unreasonably cumulative, obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

### A.   The "reportable incident" documents

Plaintiff seeks to discover documents detailing "reportable incidents," as defined by 55 Pa. Code § 3800.16, for individuals other than Stansfield.  Specifically, Plaintiff's seek all documents relating to five subcategories of incidents; 1) a death of a child, 2) an injury, trauma or illness of a child requiring inpatient treatment at a hospital, 3) a serious injury or trauma of a child requiring outpatient treatment at a hospital, not to include minor injuries such as sprains or cuts, 4) intimate sexual contact between children, consensual or otherwise, and 5) any condition which results in closure of the facility.  55 Pa. Code § 3800.16 (a)(1), (3), (4), (6), (11).  At the outset, the court notes that only the fourth subcategory listed, intimate sexual contact between children, consensual or otherwise, is at all related to Plaintiff's claim of sexual abuse, and consequently, is the only of the five subcategories identified that appears reasonably likely to lead to the discovery of admissible evidence.  In any event, all of the reportable incident documents are privileged under Pennsylvania's Mental Health Procedure Act (hereinafter

3

"MHPA").  50 P.S. § 7101.

The MHPA provides that, "[a]ll documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone . . . ."  50 P.S. § 7111 (a).  The MHPA presents "an absolute confidentiality privilege against the disclosure of documents that 'concern persons in treatment.'"  Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 465 (3rd Cir. 1996).  There are four exceptions to the MHPA which permit documents concerning persons in treatment to be released to 1) those engaged in providing treatment for the person, 2) the county administrator, pursuant to section 110, 3) a court in the course of legal proceedings authorized by this act, and 4) pursuant to Federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a Federal agency.  50 P.S. § 7111 (a)(i)-(iv).  Plaintiff clearly does not meet the first, second, or fourth exception.  The third exception has been strictly construed by Pennsylvania courts to include only involuntary and voluntary mental health commitment proceedings.  Commonwealth v. Moyer, 595 A.2d 1177, 1179 (Pa. Super. 1991).

Plaintiff asserts instead that the documents sought do not bear "any relation to the treatment of mental health problems." (Pl.'s Mot. to Compel at 9)  Plaintiff's argument misconstrues the scope of the MHPA.  The MHPA is not limited to documents relating to the *treatment* of mental health problems, rather it extends to all documents which merely *concern* persons in treatment.  The relevant reportable incidents in the present case fall within this definition.  They consist of detailed reports of incidents of intimate sexual contact between residents at Defendant SummitQuest's mental health facility.  The residents in question have not waived the confidentiality privilege, and as such, the reportable incident documents are outside of the scope of discovery.

      B.      The Credentialing Documents

4

Plaintiff's also seek certain documents relating to the credentialing and assessment of Defendant SummitQuest by the various managed care organizations.  Plaintiffs asserts that the credentialing documents are relevant, as related to their claims against Defendant Community Care Behavioral Health Organization (hereinafter "CCBHO"),  to "ascertain the standards and the information used in concluding that Defendant SummitQuest Academy was an adequate provider."  (Pl.'s Mot. to Compel at 4).  In other words, Plaintiffs seek the conclusions and methodologies of third parties in an effort to establish that CCBHO was negligent.

Plaintiff's asserted purpose for these documents is insufficient to meet the standards of Fed. R. Civ. P. 26(b)(1).  The credentialing and assessment documents of third parties are not relevant nor would they reasonably be expected to lead to the discovery of admissible evidence.  Plaintiff cannot establish negligence on the part of CCBHO simply by offering evidence that another organization came to a different conclusion.  To the extent that Plaintiff's are seeking to use the credentialing and assessment documents as proof of a standard of care, they are essentially attempting to force the third party organizations to become unwilling experts in Plaintiff's action against Defendants.  Finally, the court is concerned that the documents in question may contain privileged information concerning individual patients that would be protected under the MHPA.  For the foregoing reasons, the Motion to Compel will be denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIEN STANSFIELD, a minor, by CHARLENE OBERLY, parent, et al. : | |
| Plaintiffs, : | |
| v. : | No. 05-cv-00370 |
| SUMMIT QUEST ACADEMY, VIAQUEST BEHAVIORAL HEALTH OF PENNSYLVANIA, LLC, VIAQUEST BEHAVIORAL HEALTH, LLC, LAWRENCE DEMILIO, M.D., Individually and in his official capacity as Medical Director of Summit Quest Academy, COMMUNITY CARE BEHAVIORAL HEALTH ORGANIZATION, SERVICE ACCESS MANAGEMENT, INC. and BERKS COUNTY MENTAL HEALTH AND MENTAL RETARDATION PROGRAM : | |
| Defendants. : | |

**ORDER**

**AND NOW**, this 26th day of September, 2006, **IT IS HEREBY ORDERED** that Plaintiff's Omnibus Motion to Compel Production of Documents Pursuant to Subpoenas is **DENIED**.

BY THE COURT:

_____

**CLIFFORD SCOTT GREEN, S.J.**