IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMIEN STANSFIELD, a minor, by<br>CHARLENE OBERLY, parent, et al. | : <br> : <br> : | |
| Plaintiffs, | : | |
| v. | : | No. 05-cv-00370 |
| | : | |
| SUMMIT QUEST ACADEMY,<br>VIAQUEST BEHAVIORAL HEALTH<br>OF PENNSYLVANIA, LLC, VIAQUEST<br>BEHAVIORAL HEALTH, LLC,<br>LAWRENCE DEMILIO, M.D.,<br>Individually and in his official capacity as<br>Medical Director of Summit Quest<br>Academy, COMMUNITY CARE BEHAVIORAL<br>HEALTH ORGANIZATION, SERVICE<br>ACCESS MANAGEMENT, INC. and BERKS<br>COUNTY MENTAL HEALTH AND<br>MENTAL RETARDATION PROGRAM | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |

Green, S.J.                                                                                   October 25, 2006

**MEMORANDUM**

Presently pending is Plaintiff's Motion to Compel Production of Documents (Dkt # 95), and Defendant's response thereto. For the reasons articulated below, Plaintiff's motion will be granted and denied in part.

I.   FACTUAL AND PROCEDURAL BACKGROUND:

Damien Stansfield (hereinafter "Stansfield"), a mentally retarded minor, and Charlene Oberly, his parent and natural guardian, (collectively referred to as "Plaintiffs"), brought this action against Defendants Summit Quest Academy, ViaQuest Behavioral Health of Pennsylvania, LLC, ViaQuest Behavioral Healh, LLC, Lawrence Demilio, M.D., Community Care Behavioral Health Organization, Service Access and Management, Inc., and Berks County

Mental Health and Mental Retardation Program, individually, jointly, and/or severally for damages pursuant to the Civil Rights Act of 1871, codified as 42 U.S.C. § 1983, and Pennsylvania negligence law. Defendants consist of mental health providers, a government agency, a medical doctor, and a managed care organization that provided mental health services to Stansfield.

While staying at Summit Quest Academy, a mental health facility, Stansfield was allegedly sexually abused due to the Defendants' "gross negligence and deliberate indifference" to his rights. (See Pl.'s Compl.)

On October 21, 2005, Plaintiffs served all Defendants, including Community Care Behavioral Health (hereinafter "CCBH"), with Interrogatories and Requests for Production of Documents. A protective order was sought before the documents were produced due to the nature of the claims involved, the involvement of minors and the anticipated need of psychotherapy notes. On April 3, 2006 the protective order was signed by the court. On April 19, 2006 Defendant CCBH produced documents in response to Plaintiffs request, except those documents they claimed were privileged. See Exhibit A. The Defendants claimed privilege under the Pennsylvania Peer Review Protection Act, 63 P.S. § 425.1 (hereinafter PPRPA). The documents at issue include CCBH's Quality Management Reviews, SummitQuest Academy's credentialing documents, Hoffman Homes' credentialing documents, Northwestern Human Services' credentialing documents, and Service Access and Management, Inc.'s credentialing documents. See Exhibit A. Plaintiffs contend that CCBH is obligated to produce the above described documents because the PPRPA does not apply to Defendant CCBH as it is not a "professional healthcare provider" as defined by the Act.

II.     DISCUSSION:

As a general rule a party is permitted to obtain documents relating to their claim or

2

defense. Fed. R. Civ. P. 26(b)(1). As long as information sought is reasonably calculated to lead to the discovery of admissible evidence, that particular information need not be admissible at trial. Id. However, discovery may be limited by the court if it determines that the discovery sought is privileged, unreasonably cumulative, can be obtained from a more convenient source, or when the burden of the proposed discovery outweighs the benefit. Fed. R. Civ. P. 26(b)(2).

The PPRPA states, in relevant part,

> [t]he proceedings and record of a review committee shall be held in confidence and shall not be subjected to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are subject of evaluation and review by such committee. . . .

63 P.S. §425.4.  The act defines a professional health care provider as "[i]ndividuals or organizations who are approved, licensed or otherwise regulated to practice or operate in the health care field. . ." 63 P.S. § 425.2. To qualify as a review committee under the Act the organization in question must be conducting "peer review," which is defined as "the procedure for evaluation by professional health care providers of the quality and efficiency of services ordered or performed by other professional health care providers. . ." Id. Thus, to be protected under the PPRPA, the reviewing organization and the organization being reviewed must both be "professional health care providers."

The Pennsylvania Supreme Court defined professional health care provider in McClellan v. Health Maintenance Organization of Philadelphia, 686 A.2d 801 (Pa. 1996).  The court defined professional health care providers as organizations which are "immediate or direct health care practitioners, or administrators of medical facilities, be they individuals or organizations." Id. at 806. The court went on to conclude that "[b]ecause an IPA model HMO is neither a direct health care practitioner, nor the administrator of a health care facility…the legislature did not intend that IPA model HMO's be embraced by the confidentiality protections of the PPRPA." Id. In the present case, the CCHB is similarly an IPA model HMOs and thus is

3

not a health care provider as defined by McClellan.  This court, bound by Pennsylvania Supreme Court precedent, finds that PPRPA does not apply to the present case.

Plaintiffs' also seek to discover the credentialing documents of non-party facilities, specifically CCHB's credentialing documents of Hoffman Homes, Northwestern Human Services, and Service Access and Management, Inc..  In its order of September 7, 2006 (Dkt. # 124), the court found that the documents relating to credentialing Summit Quest that were created by non-party HMOs were not reasonably calculated to lead to the discovery of admissible evidence.  Similarly, the court finds that the CCHB's credentialing documents of non-party facilities are not reasonably calculated to lead to the discovery of admissible evidence.  Therefore, Plaintiffs' Motion to Compel will be denied as to CCHB's credentialing documents of Hoffman Homes, Northwestern Human Services, and Service Access and Management, Inc..

Finally, the court, as discussed in the order of September 7, 2006, is concerned that the remaining documents at issue, namely CCHB's credentialing documents for Defendant Summit Quest, may contain information about individual children's mental health treatment, which would be protected under Pennsylvania's Mental Health Procedure Act. 50 P.S. § 7101.  Consequently, in order to ensure that no such information is disclosed, and consistent with the discussions with counsel at the status conference held October 19, 2006, CCHB will be required to produce the raw number of incidents of inappropriate sexual contact, as defined by 55 Pa. Code § 3800.16 (a)(4), involving minors at Defendant Summit Quest's facility.  An appropriate order follows.