IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIEN STANSFIELD, a minor, by : <br> CHARLENE OBERLY, parent, et al. : <br> : <br>       Plaintiffs, : <br>     v. : <br> : <br> SUMMIT QUEST ACADEMY, : <br> VIAQUEST BEHAVIORAL HEALTH : <br> OF PENNSYLVANIA, LLC, VIAQUEST : <br> BEHAVIORAL HEALTH, LLC, : <br> LAWRENCE DEMILIO, M.D., : <br> Individually and in his official capacity as : <br> Medical Director of Summit Quest : <br> Academy, COMMUNITY CARE BEHAVIORAL : <br> HEALTH ORGANIZATION, SERVICE : <br> ACCESS MANAGEMENT, INC. and BERKS : <br> COUNTY MENTAL HEALTH AND : <br> MENTAL RETARDATION PROGRAM : <br> : <br>       Defendants. : | No. 05-cv-00370 |

**MEMORANDUM**

Presently pending is Plaintiffs' Motion for a Protective Order (Dkt # 95), and the responses thereto. For the reasons articulated below, Plaintiff's motion will be granted in part and denied in part.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Damien Stansfield (hereinafter "Stansfield"), a mentally retarded minor, and Charlene Oberly, his parent and natural guardian, (collectively referred to as "Plaintiffs"), brought this action against Defendants Summit Quest Academy, ViaQuest Behavioral Health of Pennsylvania, LLC, ViaQuest Behavioral Healh, LLC, Lawrence Demilio, M.D., Community Care Behavioral Health Organization, Service Access and Management, Inc., and Berks County Mental Health and Mental Retardation Program, individually, jointly, and/or severally for damages pursuant to the Civil Rights Act of 1871, codified as 42 U.S.C. § 1983, and Pennsylvania negligence law. Defendants consist of mental health providers, a government

agency, a medical doctor, and a managed care organization that provided mental health services to Stansfield.

While staying at Summit Quest Academy, a mental health facility, Stansfield was allegedly sexually abused by another resident due to the Defendants' "gross negligence and deliberate indifference" to his rights. (See Pl.'s Compl.)

Defendants now seek to depose Stansfield.  In response, Plaintiffs, after agreeing to produce Stansfield, filed the present Motion seeking a protective order.[1]

## II. DISCUSSION

Federal Rule of Civil Procedure 26(c) permits a court to enter an order to provide for the protection of a party from embarrassment, oppression and undue burdens.  Plaintiffs' claim that as a result of Stansfield's mental retardation, ADHD, psychotic disorder and Borderline Intellectual Functioning, that it is necessary to limit his deposition by requiring 1) that only one attorney be appointed to be the sole questioner of Damien Stansfield; 2) that a closed circuit television or a two way mirror be utilized for non-questioning counsel other than plaintiffs' counsel; 3) that no experts be present for the deposition; 4) that questioning be limited to 3 hours, with no more than 30 minutes of uninterrupted questioning to be followed by 10 minutes of break; and 5) that questions be limited to the time period of Damien Stansfield's placement at the Summit Quest Academy.

As Stansfield is the Plaintiff is this action, and as his testimony is central to the claims and defenses of the parties, it would be unreasonable for the court to deny Defendants an opportunity to depose him by limiting the number of counsel permitted to question him to a single attorney, particularly in a case involving multiple defendants.  Additionally, since the scope of discovery is not limited to admissible evidence, but rather to any information which

---

[1] It does not appear that counsel consulted each other in an attempt to reach a reasonable accommodation prior to seeking intervention by the court.  There is no excuse for counsels' failure to first attempt to resolve this matter before involving the court.

might lead to the discovery of admissible evidence, it would be unreasonable to restrict the scope of the questions to the period that Stansfield was at Defendant Summit Quest's facility. Federal Rule of Civil Procedure 30(d) generally restricts the length of a deposition to one day of 7 hours.  Given the number of factual issues involved in this case, the court will not preemptively restrict the deposition to a period of 3 hours.  The court will, however, require that questioning take place for periods of no longer than 30 minutes, followed by a 10 minute break. Finally, as Stansfield is essentially a fact witness, the court will exclude experts from the deposition.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIEN STANSFIELD, a minor, by CHARLENE OBERLY, parent, et al.<br><br>Plaintiffs,<br>v.<br><br>SUMMIT QUEST ACADEMY, VIAQUEST BEHAVIORAL HEALTH OF PENNSYLVANIA, LLC, VIAQUEST BEHAVIORAL HEALTH, LLC, LAWRENCE DEMILIO, M.D., Individually and in his official capacity as Medical Director of Summit Quest Academy, COMMUNITY CARE BEHAVIORAL HEALTH ORGANIZATION, SERVICE ACCESS MANAGEMENT, INC. and BERKS COUNTY MENTAL HEALTH AND MENTAL RETARDATION PROGRAM<br><br>Defendants. | No. 05-cv-00370 |

## ORDER

**AND NOW**, this 9th day of January, 2007, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Protective Order is **GRANTED** in part, and **DENIED** in part.  **IT IS FURTHER ORDERED** that,

1) Plaintiffs' Motion to limit the questioning of Damien Stansfield to periods of 30 minutes of uninterrupted questioning followed by 10 minute breaks is **GRANTED**;

2) Plaintiffs' Motion is **DENIED** in all other respects.

BY THE COURT:

s/Clifford Scott Green

CLIFFORD SCOTT GREEN, S.J.